FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 JUN 25 PM 3: 34
U.S. DISTRICT COURT
N.D. OF ALABAMA

RONALD P. HORNE, ET AL.,  }
ETC.,                     }
                          }
     Plaintiffs,          }  CIVIL ACTION NO.
                          }
     vs.                  }  CV-98-AR-970-E
                          }
COUNTRYWIDE HOME LOANS, INC. }
f/k/a COUNTRYWIDE FUNDING }
CORP.,                    }
                          }
     Defendant.           }
_____}
                          }
PHILLIP LOVOY, ET AL., ETC., }
                          }
     Plaintiffs,          }  CIVIL ACTION NO.
                          }
     vs.                  }  CV-98-AR-993-S
                          }
HOMESIDE LENDING, INC. f/k/a }
BANCBOSTON MORTGAGE       }
CORPORATION,              }
                          }
     Defendants.          }

ENTERED
JUN 2 5 1998

## MEMORANDUM OPINION

The two above-entitled actions are now before the court on a motion to remand filed by the plaintiffs in each case. Both cases are identical in all pertinent respects. Although the two cases were removed to this court from a different state court, both cases involve putative class actions premised on similar factual allegations. The respective parties in both cases are represented by the same able counsel. Consequently, the court

16

addresses the motions to remand with a single opinion.

Defendants invoke the removal jurisdiction of this court in three ways. First, they assert that the cases present a federal question and, therefore, that this court has jurisdiction pursuant to 28 U.S.C. § 1331 ("§ 1331"). Second, defendants contend that this court has subject matter jurisdiction under 28 U.S.C. § 1332 (" § 1332") because, in each case, there is both complete diversity of citizenship among the parties and more than $75,000 in controversy. Finally, defendants argue that, because some of the plaintiffs in each case are debtors in bankruptcy, this court has original jurisdiction over their claims under the Bankruptcy Code. The court will address each of these contentions in turn.

## I. *Federal Question Jurisdiction*

Count One of each complaint contains a claim for fraudulent suppression. In essence, each Count One alleges that the respective defendants suppressed the fact that certain inspections they performed on plaintiffs' properties were not "necessary" or authorized under the terms of plaintiffs' mortgage contracts with defendants. According to defendants, various federal regulations dictate the necessity of such inspections. Defendants proceed from this premise to argue that, because any

2

resolution of plaintiffs' suppression claims unavoidably will require a determination of whether the inspections were, in fact, "necessary" as per those regulations, each case involves an important federal issue. Defendants maintain that the presence of those federal issues brings both cases within the province of this court. After due consideration, the court concludes that defendants' argument on this point is not well taken.

As support for their position, defendants rely, in large part, on *Franchise Tax Bd. v. Constr. Laborers Vac. Trust*, 463 U.S. 1, 103 S.Ct. 2841 (1983). In *Franchise Tax Bd.*, the Supreme Court of the United States explained that federal question jurisdiction is appropriate when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id.* at 13, 2848. However, *Franchise Tax Bd.* is far from the last word on the subject. In a subsequent case, *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234 (1986), the Supreme Court explained that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Indeed, as the plain language of *Franchise Tax Bd.* makes clear, the federal question must be "substantial" before it will preempt a predominately state-law claim. This standard reflects the view that § 1331 is fairly

3

limited in its scope. *Id.* at 807, 3232. In keeping with this view, the majority in *Merrell Dow* concluded that where, as here, a complaint alleges a violation of a federal statute or regulation as an element of a state-law claim, the incidental presence of that federal issue is not "substantial" enough to grant federal question jurisdiction, that is unless the federal statute or regulation creates a private, federal cause of action. *Id.* at 814, 3235.

In the court's view, when the foregoing standard is applied to the instant cases, it is clear that they do not present a federal question. A review of the subject regulations reveals that they do not create private, federal causes of action. Defendants do not suggest otherwise. If the regulations did create federal claims, then defendants would have made that fact plain to the court given their desire to be in a federal forum. Therefore, as *Merrell Dow* makes clear, the mere fact that the disposition of plaintiffs' suppression claims requires some interpretation of the subject regulations is insufficient to create jurisdiction in this court. *See* ERWIN CHIMERINSKY, FEDERAL JURISDICTION § 5.2, at 273 (2d ed. 1994).

## II. *Diversity Jurisdiction*

Defendants also contend that this court has diversity

4

jurisdiction over these cases pursuant to § 1332. As it is undisputed that there is complete diversity of citizenship between the parties, the only remaining question is whether the threshold jurisdictional amount is in controversy.

In their original complaints, plaintiffs expressly and categorically disclaimed any claim of compensatory damages in excess of $75,000 and any claim for punitive damages. Plaintiffs also sought injunctive relief. However, on May 6, 1998, following the removal of each case, this court granted plaintiffs leave to amend their complaints. Plaintiffs subsequently amended their complaints to disclaim any award of compensatory damages, including their pro rata shares of attorneys' fees, in excess of $74,000. Plaintiffs also amended their complaints to waive all claims for injunctive relief. In other words, membership in the putative class led by the named plaintiffs requires a limitation on what each class member can recover individually. Plaintiffs have precision crafted their complaints to eliminate any possibility that an individual class member can recover any sum exceeding the $75,000 jurisdictional minimum. Under such circumstances, this court reads the law to require a finding that subject matter jurisdiction is absent.

This conclusion remains unchanged despite defendants' challenges to this court's recent decisions in *Horton v. Alliance*

5

*Mortgage Co.*, CV-98-AR-0581-S (N.D.Ala. 1998), and *Bailey v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1415 (N.D.Ala. 1997). For example, with respect to defendants' contention that plaintiffs' attorneys' fees should be aggregated and counted for purposes of determining the amount in controversy, defendants present no authority which persuades the court that its contrary holding in *Horton* was misguided. Indeed, since the court's ruling in *Horton*, other judges of this court have adopted the same view regarding the aggregation of attorneys' fees. *See Davis v. Direct Merchants Credit Card Bank, N.A.*, CV-98-N-1060-W (N.D. Ala. June 23, 1998) (Nelson, J.); *but see Culverson v. General Motors Acceptance Corp.*, CV-96-B-3331-J (N.D.Ala. 1997) (Blackburn, J.). Likewise, the court is equally unpersuaded by defendants' attack on *Bailey*. To be sure, defendants present a number of cases in which other courts, including several courts of appeals, disagree with this court's take on the effect of the 1988 amendments to 28 U.S.C. § 1447(c); however, none of this authority binds this court. Moreover, the few Eleventh Circuit cases cited by defendants can be readily distinguished from the instant cases.[1] In the absence of contrary controlling

---

[1] In opposition to *Bailey*, defendants cite *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1998), in which the Eleventh Circuit observes that "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*." (emphasis in original). The court remains unconvinced that this statement, without more, negates its reasoning in *Bailey*. The court in *Burns* makes no effort to assess the effect of the

authority, the court elects to hold fast to the conclusions reached in *Bailey* notwithstanding the fact that they are relatively new and, perhaps, controversial. After all, no one has yet accused the undersigned of being afraid to take the road less traveled.

### III. *Jurisdiction Under the Bankruptcy Code*

Defendants' final contention is that this court has jurisdiction over the instant cases by virtue of the fact that some of the named plaintiffs currently are debtors in bankruptcy proceedings. As support for this contention, defendants cite 28 U.S.C. § 1334(b) ("§ 1334(b)"), which, in pertinent part,

---

1988 amendments to 28 U.S.C. § 1447(c). As such, it is not clear that the quoted statement takes into account the considerations that informed this court's reasoning in *Bailey*. Moreover, the overriding theme of *Burns* is that the removal statute is to be construed **narrowly** in keeping with Congress's intent to limit federal diversity jurisdiction. *Id.* at 1095-96. Clearly, *Bailey* honors that mandate.

Defendants also cite *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1354 n.12 (11th Cir. 1998), as persuasive authority for the proposition that post-removal events do not inform an analysis of removal jurisdiction. As with defendants' other authority on this point, the court finds *Engelhardt* unpersuasive. Indeed, *Engelhardt* does not even discuss post-removal events within the context of removal analysis; rather, it discusses such events in the context of ERISA **preemption** analysis. While the two types of analysis are similar in that they both require this court to consider its jurisdiction carefully, it cannot be said that they are identical. With ERISA, Congress made plain its intent to occupy the entire field of employee benefits law. In keeping with this intent, it afforded the federal courts far-reaching discretion to retain state-law claims in ERISA cases. Conversely, with the removal statute, Congress sought to safeguard the primacy of the state courts. As a result, federal court are bound to construe the removal statutes against a removing party. Put another way, removal and pre-emption analysis are meant to serve opposite ends: The former works to limit federal jurisdiction whereas the latter works to expand it. With this consideration in mind, it cannot be said that *Engelhardt*, which emphasizes that ERISA matters are the exclusive domain of the federal courts, undermines this court's reasoning in *Bailey*.

7

provides that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Defendants maintain that, since the outcome of the instant cases may impact upon the estates of the debtor-plaintiffs, the instant cases are "related to" the debtor-plaintiffs' bankruptcy proceedings.

At first glance, defendants' argument has great allure. To be certain, § 1334(b) grants broad jurisdiction to this court with the goal of centralizing the administration of bankruptcy estates. *In re Dow Corning*, 86 F.3d 482, 496 (6th Cir. 1996). Indeed, to fall within that provision's wide ambit, one need only demonstrate that the civil proceeding in question **could** affect a debtor's estate. *In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997). Given this very low jurisdictional threshold, it would appear that, as defendants contend, the potential effect of these civil actions on the estates of the debtor-plaintiffs is sufficient to confer jurisdiction on this court.

However, this court is not without discretion in deciding whether to assume jurisdiction under § 1334(b). Pursuant to 28 U.S.C. § 1334(c)(1) ("§ 1334(c)(1)"), this court can abstain from hearing a case related to a bankruptcy proceeding "in the interest of justice, or in the interest of comity with State

8

courts or respect for State law." This discretion reflects the long-standing principle that "judicial economy itself does not justify jurisdiction." *In re Boone*, 52 F.3d 958, 961 (11th Cir. 1995). Because this court believes that issues of state law which are better left to the state courts predominate in the instant cases, it elects to exercise the discretion given to it under § 1334(c)(1) and to abstain from assuming jurisdiction over these cases as per § 1334(b).

### IV. *Conclusion*

The court will enter separate and appropriate orders of remand in keeping with the conclusions reached hereinabove.

DONE this 25 day of June, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE